IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOUIS EFRAIN COOPER,

        Petitioner,

v.                                                    Civil Action No. 3:05CV108
                                                      Criminal Action No. 3:04CR21-01
                                                        (JUDGE BAILEY)

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED AS TO GROUND ONE**

### I. Introduction

On October 7, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response March 7, 2006. Petitioner filed a reply August 7, 2006. A report and recommendation was entered June 18, 2007 setting an evidentiary hearing on ground one whether petitioner directed his counsel to file an appeal of his case. An evidentiary hearing was held October 19, 2007. Testimony was taken from petitioner, Louis Efrain Cooper, Peter Zimmerman, and Andrew Arnold, Esquire, petitioner's counsel in the underlying action.

### II. Findings of Fact

Sentencing was October 14, 2004.

Peter Zimmerman testified that he was in the Eastern Regional Jail (ERJ) in the summer and fall of 2004. While he was incarcerated at ERJ, he met petitioner Louis Cooper. They became good friends during the time they were incarcerated at ERJ. Petitioner asked Zimmerman to make one telephone call for him. It was about the time petitioner was sentenced. Zimmerman made a call to his parents and they called petitioner's wife in what is known as a three way call because petitioner

wanted his wife to contact Mr. Arnold, his lawyer. Zimmerman testified although English was petitioner's second language, they communicated in English and petitioner spoke English "pretty good."[1]

Petitioner testified that after sentencing, Mr. Arnold promised to come to the jail the next day at 1:00 p.m. to talk to petitioner. Petitioner testified Mr. Arnold did not come to the jail the next day to meet with him. Petitioner testified that Mr. Arnold did not come to see him at the jail after sentencing. Petitioner testified he expected Mr. Arnold "to do something good for him". On October 23, 2004, petitioner had Mr. Zimmerman call petitioner's relatives who spoke to Mr. Arnold. Mr. Arnold said he would come to the jail the next day. While petitioner did not have time to tell Mr. Arnold he wanted to file an appeal after sentencing, and Mr. Arnold did not come to the jail, petitioner testified that anyone with any sense would know the reason he wanted to talk to Mr. Arnold was to file an appeal.

Mr. Arnold testified petitioner never asked him to file an appeal. First, petitioner agreed to plead guilty without a plea agreement. Mr. Arnold testified that it was a complicated case. Both petitioner and the Government disagreed with the presentence report. There were two sentencing hearings. After the first sentencing hearing the petitioner and the Government agreed to withdraw most of their objections to the presentence report. In return petitioner would withdraw his Alford plea and sign a "standard" plea agreement so petitioner would receive acceptance of responsibility. Mr. Arnold and petitioner met more than ten times at the ERJ. At first they met without an interpreter but later meetings were with an interpreter. Mr. Arnold testified he could not recall if

---

[1] It is noted that petitioner insisted he must have an interpreter because he cannot speak English.

petitioner, after the sentencing, asked him to come to the jail the next day but that he did not visit petitioner the day after the sentencing. The last note about a conference between Mr. Arnold and Petitioner is October 8, 2004. Mr. Arnold sent a copy of the Judgment and Commitment Order and the Amended Judgment and Commitment Order to petitioner but the communications contained no advice of appeal rights. Mr. Arnold testified he could not appeal if defendant waived his appeal rights.

While English is petitioner's second language, it appears that petitioner was somewhat less than candid with the court about his ability to communicate in English. Nonetheless, there was an interpreter for the second half of the ten conferences between petitioner and Mr. Arnold, as well as at the plea and sentencing hearings so there would have been no miscommunication based on any alleged language barrier.

Because petitioner testified he intended to instruct Mr. Arnold to appeal, he cannot claim that he was inadequately advised of his right to appeal and did not know he had a right to appeal. The only question is whether Mr. Cooper instructed Mr. Arnold to appeal his conviction and sentence.

Mr. Arnold's testimony, on balance, was more credible than petitioner's testimony. Based upon petitioner's waiver of appeal rights in the plea agreement, after not waiving his right to appeal in the proposed Alford plea, and the reduction in sentence resulting from the plea agreement for acceptance of responsibility I conclude that the preponderance of the evidence is that petitioner did not ask Mr. Arnold to file an appeal.

3

### III. Recommendations

I recommend petitioner's motion be denied as to the ground that petitioner instructed his counsel to file an appeal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 7, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE