# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LOUIS EFRAIN COOPER,**

    **Petitioner,**

v.                                                **Civil Action No.    3:05CV108**
                                                   **Crim. Action No.   3:04CR21-1**
                                                   **(BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Crim. Doc. 90) and the petitioner's corresponding objections (Crim. Doc. 94). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and**

**Recommendation (Crim. Doc. 90; Civ. Doc. 8)** should be, and is, **ORDERED ADOPTED**.

II. Factual & Procedural History

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On March 16, 2004, petitioner was named in a three-count indictment charging him with distributing cocaine, possessing cocaine with the intent to distribute, and using and carrying a firearm in relation to a drug trafficking crime. In addition, the indictment also contained a forfeiture allegation in the amount of $574.00, which was seized from the petitioner during his arrest.

Following the return of the indictment, the petitioner and his then counsel entered into plea negotiations with the United States. As a result, the petitioner signed a plea agreement on June 30, 2004. Pursuant to the terms of the agreement, the petitioner agreed to plea guilty to possessing cocaine with the intent to distribute and to using and carrying a firearm in relation to a drug trafficking crime. Additionally, the petitioner agreed to forfeit the $574.00 seized during his arrest.

On July 12, 2004, the parties convened for a change of plea hearing pursuant to the written plea agreement. However, during the hearing the petitioner indicated that he was in fact not guilty of the crimes for which he wished to enter a plea. At that time, the Court continued the hearing to allow petitioner and his counsel to discuss the possibility of entering a plea pursuant to **North Carolina v. Alford**, 400 U.S. 25 (1970).

On July 15, 2004, the parties reconvened to conclude the change of plea hearing. Initially, the petitioner expressed his desire to enter an **Alford** plea on all counts of the indictment. In response, the United States objected, but indicated that, should the Court

wish to proceed, the parties were willing to go forward without the benefit of a plea agreement. After fully advising the petitioner of his rights, the Court accepted his *Alford* plea to all counts of the indictment.

Subsequently, the parties appeared before the Court on October 4, 2004, for sentencing. At the hearing, the petitioner raised a number of objections to the Probation Officer's Presentence Investigation Report. In order to properly evaluate petitioner's contentions, the Court continued the hearing until October 14, 2004, to allow witnesses to be subpoenaed. After reconvening the sentencing hearing, the parties informed the Court that they had reached an agreement obviating the need for witness testimony. Pursuant to the terms of the agreement, the parties stipulated to a Base Offense Level of 32. In addition, the petitioner agreed to withdraw his objections in exchange for the United States' agreement to refrain from seeking a two-level enhancement for Role in the Offense. Prior to pronouncing the sentence, the Court informed the petitioner of his rights, including his limited rights to appeal and his need to file a notice of appeal. At the conclusion of these proceedings, the Court sentenced the petitioner to a 60 month term of incarceration. Significantly, petitioner did not file an appeal.

On October 7, 2005, the petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Doc. 48). In accordance with LR PL P 83.15, the case was referred to United States Magistrate Judge James E. Seibert for review and recommended disposition. On June 16, 2007, the Magistrate Judge issued his Report and Recommendation (Crim. Doc. 67), which the Court adopted by Order (Crim. Doc. 67) dated July 6, 2007. Pursuant to the Order, the Court denied petitioner's motion with respect to all grounds excluding petitioner's claim that counsel was ineffective for

failing to file an appeal as requested. In addition, the Report and Recommendation indicated that an evidentiary hearing would be necessary to resolve petitioner's remaining claim.

In recognition of the above, the parties appeared before United States Magistrate Judge James E. Seibert on November 19, 2007. At the hearing, the petitioner testified that his counsel, Mr. Arnold, falsely informed him at sentencing that he would visit the petitioner at the jail the next day. In addition, the petitioner testified that a fellow inmate called petitioner's relatives with directions to call petitioner's counsel, who allegedly indicated that he would visit the petitioner the next day. In contrast, petitioner's counsel testified that, while he met with the petitioner a total of ten times at the jail, petitioner failed to ever instruct him to file an appeal. Further, counsel informed the Court that he had no contact with the defendant following the sentencing hearing with the exception of forwarding the Judgement and Commitment Order.

Upon consideration, the Magistrate Judge found that petitioner's claim for ineffective assistance of counsel lacked merit. Specifically, the Magistrate Judge found that "Mr. Arnold's testimony, on balance, was more credible than petitioner's testimony. Based upon petitioner's waiver of appellate rights in the plea agreement, after not waiving his right to appeal in the proposed *Alford* plea, and the reduction in sentence resulting from the plea agreement for acceptance of responsibility[,] . . . the preponderance of the evidence is that petitioner did not ask Mr. Arnold to file an appeal." (Crim. Doc. 90; pg. 3). In response, petitioner objects that the Magistrate Judge is factually inaccurate in his assertion that there was a plea agreement in the case, that there was no waiver of appellate rights, and therefore, counsel was ineffective for failing to consult with the defendant in order to

determine whether he wished to pursue his appeal. In addition, petitioner objects to the Magistrate Judge's characterization that petitioner spoke better English than initially indicated.

III. Legal Standards

In evaluating a witnessess' character for veracity, the law of this Circuit is clear that "[t]he determination of credibility is one to be made by the trier of fact based upon all of the circumstances." **United States v. Washington**, 429 F.2d 409 (4th Cir. 1970). Moreover, due to their unique opportunity to observe the demeanor of witnesses, credibility determinations made by triers of fact are accorded great deference. **Anderson v. City of Bessemer City,** 105 S.Ct. 1504, 1512 (1985).

In **Strickland v. Washington***,* 466 U.S. 688 (1984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under **Strickland**, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." *Id.* at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel's errors. *Id.* at 687.

IV. Discussion

Turning to the case at bar, the Court adopts the finding of the Magistrate Judge, that the petitioner did not ask his counsel to file an appeal. While the Court agrees that the petitioner did not enter his plea pursuant to a written plea agreement and did not receive a reduction for acceptance of responsibility, the Court is not prepared to disturb this finding of the Magistrate Judge, who had the invaluable benefit of observing the witnesses'

demeanor during testimony.

In addition, the Court finds that, under the circumstances, counsel's failure to consult with petitioner to determine whether he wished to file an appeal did not fall below the objective standard of reasonableness contemplated by **Strickland**. To be sure, the Court, at sentencing, informed the petitioner that his "rights to appeal will be restricted to the jurisdiction of the Court, the voluntariness of the guilty plea, the effective representation of your lawyer, and the application the Sentencing Guideline to this case." (Doc. 58, pg. 11). Moreover, the Court also instructed the petitioner of his need to file a notice of appeal should he wish to pursue an appeal. Therefore, in light of the stipulation between the parties at sentencing, the Court's instruction regarding petitioner's limited rights to appeal, the Court's instruction regarding petitioner's need to file a notice of appeal, and the fact that petitioner never requested an appeal to be filed, it cannot be said that a rational defendant would have desired an appeal to be filed. See **United States v. Poindexter**, 492 U.S. 470, 268 (4th Cir. 2007). As such, the Court finds that the petitioner has failed to carry his burden of demonstrating that counsel's performance fell below an objective standard of reasonableness.

V.      Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 90; Civ. Doc. 8)** is **ORDERED ADOPTED**; and

2. That the **Petition for Writ of Habeas Corpus (Crim. Doc.48; Civ. Doc. 1)**

**is DENIED;**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* petitioner.

**DATED**:  June 13, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE